C. M. HAWKINS v. MARY E. HYDE.

*Contract.*

The plaintiff and defendant were partners in the hotel business. She, and her two daughters, who were more than twenty-one years old and members of her family but not dependent upon her for support, lived in a cottage near by and took their meals at the hotel ; also her son boarded there for a few weeks. The auditors having found that there was no express promise to pay, and reported no facts that raise an implied promise, it was he'd that she was not chargeab'e with their board.

ACCOUNT. Heard on the report of auditors, September Term, 1882, VEAZEY, J., presiding. Judgment *pro forma* for the plaintiff to recover $232.43. The defendant was the owner of a hotel. She sold to the plaintiff an undivided half of the hotel fixtures, furniture and livery property. The auditors found :

" They however, in May, 1880, by a mutual understanding, opened said hotel, under no definite arrangement but as tenants in common. They went to work, each understanding that the expenses, profits and losses were to be proportionately borne and shared between them ; in fact their arrangement was a partnership arrangement ; the defendant was the sole owner of the real property and she was to be allowed three hundred dollars per year for that. Under this arrangement the business of the hotel and livery was managed mainly by the plaintiff and R. W. Hyde, a son of the defendant ; the plaintiff having charge of the dining room, kitchen, livery and other outside business, and R. W. Hyde had charge of the books, money and office—both however, had access to the money and books, and assisted when required in each other's department." . . .

" The business thus begun under the style of Hyde & Hawkins, was continued by them till October 21, 1880, when the plaintiff bought of the defendant her undivided half of said personal property, and the defendant retired, and the partnership was dissolved." . . .

*Item* 2. This board and washing was for a daughter of the defendant, who was, at the time, considerably more than twenty-one years of age, but had always lived and made her home with the defendant and been treated as a member of the family. When

Hyde & Hawkins opened the hotel in May, 1880, the defendant and her two daughters, Sophie and Alida, who was also at that time over twenty-one years of age, moved into a cottage house, owned by Mrs. R. W. Hyde, situated near the said hotel, in which the defendant and her daughters roomed that season and took their meals at the hotel table of Hyde & Hawkins. No charge was ever made upon the books for the board of these daughters, and the defendant never agreed to pay for their board. Several of the furnished rooms in this cottage were used for hotel guests, and the defendant had the general oversight of the cottage, and she and her said daughters assisted in entertaining guests of the hotel through the season, and assisted at times upon the table work at the hotel. . . .

" No contract was ever made about the board of Sophie and Alida ; and neither daughter was dependent upon the defendant for support, but both were members of the defendant's family ; there was no agreement as to the rent of the cottage and services rendered by Sophie and Alida, and no evidence introduced as to the rental value of the cottage, nor as to the value of the services of Alida and Sophie except as above found." . . .

*Item* 3. " This is for board for a son of the defendant, who was in business in the South and came to the hotel and remained the time charged for, and we find the charge reasonable. He went to the hotel and remained there because his mother, sisters and brother were there. Nothing was said about the pay for his board when there and no charge was made for it. The defendant did not agree to pay for his board, and it did not appear that she asked the firm to board him."

*Item* 6. This was for boarding Alida. The same facts were found in relation to her work and assistance, &c., as were found as to *item* 2.

*Bromley & Clark*, for plaintiff.

*R. C. Abell*, for defendant.

The opinion of the court was delivered by

ROWELL, J. There are no facts found that raise any implied promise on the part of the defendant to pay for the board of her daughters and son or any of them, and any express promise in this behalf is directly negatived by the report ; therefore the de-

fendant is not liable for any part of items two, three, and six.

Judgment reversed, and judgment on the report for plaintiff for $130.16, and interest thereon from September 12, 1882.